IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE BROWN,

    Plaintiff,                              No. CIV S-05-1086 MCE DAD P

    vs.

M. PENNER, M.D., et al.,

    Defendants.                         FINDINGS AND RECOMMENDATIONS

_____/

        On January 17, 2006, defendants moved to dismiss this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  Plaintiff did not respond to the motion despite the requirements of this court's November 10, 2005 order and Local Rule 78-230(m).  By order signed April 6, 2006, plaintiff was granted eighteen days, plus three days for mail service of the order, to show good cause for his failure to respond to defendants' motion.  Plaintiff was cautioned that failure to respond timely would result in a recommendation that this action be dismissed with prejudice.  The twenty-one day period has expired, and plaintiff has not shown good cause or otherwise responded to the April 6, 2006 order.

        The Local Rules of Practice provide that

> [f]ailure of . . . a party to comply with these Rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the Court may be grounds for imposition by the Court of any and all

1

> sanctions authorized by statute or Rule or within the inherent
> power of the Court, including, without limitation, dismissal of any
> action, entry of default, finding of contempt, imposition of
> monetary sanctions or attorney's fees and costs, and other lesser
> sanctions.

Local Rule 11-110.  See also Fed. R. Civ. P. 41(b) (providing for involuntary dismissal due to the plaintiff's failure to prosecute or to comply with the Federal Rules of Civil Procedure or any order of court).

The factors to be weighed in determining whether to dismiss an action for failure to comply with court orders are identical to the factors to be considered when deciding whether to dismiss a case for lack of prosecution.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  The factors are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  As a general rule, dismissal is a harsh penalty that should be reserved for extreme circumstances.  Ferdik, 963 F.2d at 1260.

In the present case, plaintiff has violated the court's November 10, 2005 order requiring the parties to brief all motions to dismiss, and he has failed to respond to the court's order signed April 6, 2006, requiring him to show cause for his failure to respond to defendants' motion.  Plaintiff has not filed any document in this action since August 15, 2005, when he submitted the documents required for service of his complaint on defendants Penner and Turella.

Plaintiff's failure to oppose defendants' motion to dismiss and his failure to respond to the court's order to show cause constitute multiple violations of applicable rules and court orders as well as failure to prosecute this action.  Plaintiff's violations warrant the imposition of sanctions pursuant to Local Rule 11-110.  Plaintiff is proceeding in forma pauperis and cannot pay a monetary sanction.  Moreover, in light of plaintiff's failure to prosecute the action, dismissal appears to be the only appropriate sanction.  The public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the

defendants all support the sanction of dismissal. While the public policy favoring disposition on the merits counsels against the dismissal of any action, the plaintiff in this case has forfeited the benefit of that policy by failing to prosecute his case. The action should be dismissed with prejudice.

Accordingly, IT IS RECOMMENDED that:

1. This action be dismissed with prejudice pursuant to Local Rule 11-110 and Federal Rule of Civil Procedure 41 due to plaintiff's failure to comply with court orders and applicable rules and his failure to prosecute this action; and

2. Defendants' January 17, 2006 motion to dismiss be denied without prejudice as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)

DATED: May 4, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
brow1086.fsc