IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE BROWN,

    Plaintiff,                                    No. CIV S-05-1086 MCE DAD P

    vs.

M. PENNER, M.D., et al.,

    Defendants.                            ORDER

_____/

        On January 17, 2006, defendants moved to dismiss this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Despite the briefing requirements of the order filed in this action on November 10, 2005, the order to show cause filed April 6, 2006, and the findings and recommendations filed May 4, 2006, plaintiff has yet to file opposition to defendants' motion. Before the court are plaintiff's objections to the May 4, 2006 findings and recommendations.

        Plaintiff's objections are not accompanied by a proper proof of service. The proof of service attached to the document indicates that plaintiff served a copy of his objections by mail on defendant M. Penner at an unspecified address. There are two defendants in this case, and both are represented by counsel, whose name and address are set forth on the motion to dismiss, memorandum of points and authorities, and declarations filed and served by counsel on January

1

1  17, 2006. Plaintiff is advised that every document he submits to the court for filing in this case
2  must be accompanied by a proof of service demonstrating that he mailed a copy of the document
3  to defendants' counsel. Documents should be served on the specific attorney representing the
4  defendants rather than on the attorney general. Service of documents on individual defendants
5  represented by counsel is not necessary and does not constitute proper service. A proof of
6  service must include both the name and the address of the person served.

7  The court will strike plaintiff's objections for failure to include a proper proof of
8  service. Plaintiff will be granted fifteen days to re-file his objections with a proof of service that
9  shows the objections were mailed to defendants' counsel at the correct address.

10  Plaintiff's improperly served objections are also incomplete. Plaintiff claims that
11  he responded to the court's order to show cause and did so in a timely manner. Plaintiff refers to
12  Exhibit A, described as plaintiff's declaration showing good cause for failing to respond to
13  defendants' motion to dismiss and plaintiff's opposition to the motion. The objections filed on
14  May 26, 2006, do not include an Exhibit A. In the absence of copies of plaintiff's declaration
15  and his opposition, the court is unable to determine whether plaintiff had good cause for his
16  failure to oppose defendants' motion to dismiss in a timely manner. The court will neither
17  discharge the order to show cause nor vacate the pending findings and recommendations.
18  Plaintiff's re-filed objections must include a complete copy of his declaration and a complete
19  copy of his opposition, as well as a copy of the mail card submitted as Exhibit B.[1]
20  /////

21

---

[1] Plaintiff's mail card shows that a document was mailed to Bill Lockyer, Attorney General, on April 26, 2006. Plaintiff states that he did not know where to send his response to the court's order to show cause and that he sent it "to Attorney General Bill Lockyer in good faith in being in compliance with Local Rule 78-230(m)." The order to show cause directed plaintiff to "file and serve" his response. The order filed November 10, 2005, requires plaintiff to "file and serve" opposition to specified motions. Local Rule 78-230(m) provides that opposition "shall be served and filed." Plaintiff has been provided with a copy of the Local Rules of Practice, in which the word "filed" is defined as "delivered into the custody of the Clerk and accepted by the Clerk for inclusion in the official records of the action." Local Rule 1-101.

Plaintiff is cautioned that the court does not intend to extend the time for complying with this order. If plaintiff fails to comply with this order in a timely manner, the pending findings and recommendations will be submitted to the district judge without properly filed objections, without a response to the order to show cause, and without opposition to defendants' motion to dismiss.

IT IS ORDERED that:

1. The Clerk of the Court shall strike the objections filed by plaintiff on May 26, 2006, for lack of a proper proof of service and for failure to include Exhibit A; and

2. Plaintiff is granted fifteen calendar days from the date on which this order is signed to re-file his objections with all exhibits and a proper proof of service.

DATED: June 15, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
brow1086.objs