IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE BROWN,

    Plaintiff,                   No. CIV S-05-1086 MCE DAD P

    vs.

M. PENNER, M.D., et al.,         <u>ORDER AND</u>

    Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action. The matter is before the court on defendants' motion to dismiss plaintiff's complaint pursuant to Rule 8, Rule 12(b)(6), or non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure, or for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

        Defendants' motion was filed on January 17, 2006. Plaintiff did not respond to the motion despite the requirements of the court's November 10, 2005 order and Local Rule 78-230(m). On April 7, 2006, the court ordered plaintiff to show good cause for his failure to respond to the motion and to file opposition or a statement of non-opposition. Plaintiff did not file any response to the order to show cause. On May 4, 2006, the undersigned recommended that this action be dismissed for failure to comply with court orders and rules and for failure to prosecute this action. Plaintiff filed timely objections but did not attach a proper proof of service

1

and did not include a copy of the opposition he served on defendants' counsel on April 26, 2006. On June 15, 2006, plaintiff was ordered to re-file his objections with all exhibits and a proper proof of service. Plaintiff has complied with the June 15, 2006 order. Plaintiff's opposition is now before the court as Exhibit A to the objections re-filed on June 28, 2006 (Document #21).

Upon consideration of plaintiff's belatedly filed response to the court's order to show cause and plaintiff's re-filed objections to the May 4, 2006 findings and recommendations, the undersigned will discharge the pending order to show cause and vacate the pending findings and recommendations. Pursuant to Local Rule 78-230(m), defendants' time for filing and serving a reply to plaintiff's opposition expired on May 4, 2006. Defendants' motion is submitted for decision.

## BACKGROUND

Plaintiff is confined at California State Prison, Sacramento, and was confined at that institution at the times relevant to this lawsuit. Plaintiff has sued J. Turella, D.O., and M. Penner, M.D.

I. <u>Plaintiff's Complaint</u>

Plaintiff's pleading consists of a form complaint and exhibits. The statement of claim set forth on the form is as follows:

> On or about 12-01-03 I fractured my finger on my left hand. I had an x-ray that confirmed it on 12-02-03 and I was issued some pain pills Vicodins for 5 days. I was recommended by Dr. Penner to see a physician in Manteca Calif. However I was never treated immediately after my injury. I sent in numerous medical slips at this prison New Folsom concerning injury and pain. On 5-13-04 I was finally seen for my fracture that was old. The orthopedist at UCD verified I only had 59 % flexion capability and still had mild tenderness and swelling on my fractured finger. Dr. Penner and J. Turella D.O. had treated me unfairly and medical neglect. I did not get surgery done until late August on or about 8-23-04 however my finger is to this date poorly deformed and not 100% because of inadequate treatment.

(Compl. at 3.)

/////

1   Plaintiff seeks the following relief:

2   I respectfully request this court to grant payment for all my pain
    and suffering in the amount of 250,000 thousand from each
3   defendant and 1,000,000 million by punitive damages be awarded
    for all emotional, physical pain and suffering.  That no more
4   neglect and inadequate care be inflicted upon me again at this
    prison New Folsom.

(Id.)

Attached to plaintiff's complaint is a copy of an inmate appeal dated February 23, 2004, in which plaintiff stated that he was sent to a doctor in Manteca on January 5, 2004, but was not treated because his x-ray had not been sent with him and he was taken to an office that "doesn't do finger."  Plaintiff stated that he turned in numerous medical slips for treatment and for pain relievers, that he was suffering excruciating pain, and that his requests for treatment had not been met.  Plaintiff asked to see an orthopedic consultant immediately and to receive pain relievers.

The appeal form bears a notation indicating that plaintiff's request was deemed not emergent.  At the first formal level, plaintiff's appeal was partially granted on March 22, 2004, by defendant Penner.  Defendant Penner noted that an orthopedic consult ordered on December 26, 2003, was still pending, that plaintiff's pain medication had been changed from Motrin to Naprosyn on March 5, 2004, and that when plaintiff was seen on March 17, 2004, he stated that the Naprosyn was providing much better pain relief.

Plaintiff requested second-level review, stating that he was dissatisfied with defendant Penner's determination that 70% flexion capability was not an emergency.  Plaintiff asserted that he had less than 70% flexion capability and his finger was healing in a deformed manner.  The appeal was partially granted at the second level on April 26, 2004, on the basis of defendant Turella's review of plaintiff's medical records.  Defendant Turella agreed with defendant Penner that plaintiff's case did not qualify as an emergency.  Defendant Turella noted that plaintiff was scheduled for orthopedic follow up in May 2004.  He also noted plaintiff's

3

statement that the Naprosyn was providing adequate pain relief.  Defendant Turella remarked that it was "[i]nteresting to note than when [plaintiff's] finger was x-rayed on December 2, 2003, the result was consistent with that of a subacute fracture and not of a fresh injury."  Defendant Turella did not address plaintiff's assertion that his finger was healing in a deformed manner.

       Plaintiff sought third-level review on the ground that he had been seen at UCD on May 13, 2004, and the doctor told him he had only 59% flexion capability, his finger would never be "100%" because of the time lapse and lack of treatment, and his finger would improve only with surgery.  The appeal was denied at the director's level on August 12, 2004, based on findings that plaintiff had received adequate medical care and was scheduled for surgery on his hand during August 2004.

II. Procedural History

       On July 18, 2005, the undersigned determined that plaintiff's complaint appears to state cognizable claims for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  On November 10, 2005, the United States Marshal was directed to serve the complaint on defendants Penner and Turella.  Both defendants waived service of summons.  The motion to dismiss now before the court was filed on January 17, 2006.  The court has not yet issued a discovery order or a scheduling order.

DEFENDANTS' MOTION TO DISMISS

I. Exhaustion of Administrative Remedies

       Defendants seek dismissal of the complaint pursuant to unenumerated Rule 12(b) on the ground that plaintiff did not exhaust administrative remedies with regard to his claims against defendant Turella.

       Plaintiff's opposition contains a notice of dismissal of defendant Turella.  Because the defendants have not yet filed an answer or a motion for summary judgment, plaintiff may dismiss defendant Turella pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.  Defendants' motion to dismiss is moot with regard to the exhaustion issue.

II. <u>Failure to State Jurisdictional Basis</u>

Defendants acknowledge that plaintiff has filed a complaint alleging inadequate medical treatment for a fractured finger and admit that it appears plaintiff seeks to invoke jurisdiction based on the Eighth Amendment for deliberate indifference to a serious medical need. Defendants argue, however, that plaintiff's failure to cite the Eighth Amendment or any other federal constitutional provision, law, or treaty requires dismissal of the complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure. Defendants reason that the complaint does not provide a short and plain statement of the ground upon which the court's jurisdiction depends and therefore fails to state a claim on which this court has jurisdiction.

In opposition to defendants' motion, plaintiff argues that the court has jurisdiction under 28 U.S.C. § 1331.

Rule 8 sets forth the general rules of pleading for civil actions in federal district courts. The Rule provides as follows:

> A pleading which sets a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a). The Rule also contains a guideline for the construction of pleadings: "All pleadings shall be so construed as to do substantial justice." Fed. R. Civ. P. 8(f).

The pro se plaintiff in this case has presented his claims on a form designated for use by a prisoner filing a complaint under the Civil Rights Act, 42 U.S.C. § 1983. The first page of the form identifies the pleading as a complaint under the Civil Rights Act, 42 U.S.C. § 1983. Pursuant to Rule 8(f), plaintiff's use of the form complaint should be construed as a short and plain statement that the claims for relief are civil rights claims arising under § 1983. Federal district courts have jurisdiction over § 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343(a). Plaintiff's complaint does not fail to state a jurisdictional basis, and defendants' motion to dismiss pursuant to Rule 8 should be denied.

III. <u>Failure to State a Claim Upon Which Relief May Be Granted</u>

Defendants seek dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiff's complaint fails to state claims upon which relief can be granted. Defendants contend that plaintiff's allegations suggest nothing more than mere indifference, negligence, or medical malpractice rather than the substantial indifference required to support an Eighth Amendment claim. Defendants argue that mere delay cannot constitute deliberate indifference if the delay did not lead to injury and that a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Defendants assert that plaintiff has failed to allege facts showing that his fractured finger constituted a serious medical need and has also failed to allege facts showing that the defendants had culpable minds.

In opposition to defendants' motion, plaintiff argues that his complaint states claims for damages and injunctive relief against prison doctors for violating his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment. Plaintiff argues that defendant Penner delayed medical treatment for plaintiff's broken finger, that plaintiff was not seen by an orthopedist for six months, and that he did not receive surgery in a timely manner. Plaintiff contends that the delay resulted in deformity and deprived him of a normal functioning finger and hand. Plaintiff argues that his severely fractured finger presented a serious medical need and, because of defendant Penner's deliberate indifference, plaintiff suffered months of pain and did not have the full use of his hand for almost a year, which affected his daily activities.

A motion brought pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the pleading. For purposes of ruling on such a motion, the court must take as true the material facts alleged in the complaint. <u>Hospital Bldg. Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). The court must liberally construe the complaint in the light most favorable to the plaintiff. <u>Jenkins</u>, 395 U.S. at 421; <u>Meek v. County of Riverside</u>, 183 F.3d 962, 965 (9th Cir. 1999). Pro se pleadings must be held to a less stringent

standard than formal pleadings drafted by lawyers, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), and the court must liberally construe a pro se litigant's inartful pleading, <u>Ortez v. Washington County</u>, 88 F.3d 804, 807 (9th Cir. 1996).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

In the present case, the undersigned screened plaintiff's complaint in July 2005 and found cognizable claims for relief.  The undersigned has reviewed plaintiff's complaint a second time and again finds that the pro se pleading states cognizable claims.

Defendants' assessment of plaintiff's claims appears to be based solely on the allegations set forth on the form.  However, the exhibits attached to a complaint are a part thereof and may be considered in determining whether dismissal is proper.  <u>See</u> Fed. R. Civ. P. 10(c); <u>Parks Sch. of Bus. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).  The allegations and information contained in plaintiff's inmate appeal, including the responses at each level, suggest more than mere indifference or negligence.  Plaintiff's allegations of delay, in both his statement of claim and his appeal, are accompanied by allegations of injury caused by the delay.  Plaintiff's allegations do not reflect mere disagreement with diagnosis or treatment, or a layman's demand for the treatment of his choice.  Plaintiff's allegations reflect a medical need that was causing him pain and depriving him of full use of his hand, while defendants were providing no treatment at all or treatment so delayed that permanent injury resulted.

Construing plaintiff's pro se complaint in the light most favorable to him and resolving all doubts in his favor, the undersigned finds that plaintiff may be able to prove facts in support of his claims that will entitle him to relief against defendant Penner.  Plaintiff's pro se complaint should not be dismissed for failure to state a claim upon which relief may be granted.

IV.  More Definite Statement

Defendants argue that, if the complaint is not dismissed, plaintiff should be required to provide a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  Defendants view the complaint as so vague and ambiguous that they cannot reasonably frame a responsive pleading.  Defendants seek more details concerning the acts and omissions of each defendant and request that plaintiff be required to "clarify the type of relief requested as to defendants."  Defendants suggest that the parties and the court will benefit from a more definite statement, as the need for discovery may be reduced and court appearances should be reduced or eliminated.

In his opposition, plaintiff acknowledges the limitations of his legal knowledge and states that, if given the chance to amend his complaint, he will attempt to make sure the facts are more clear and understandable.

Rule 12(e) permits a party to move for a more definite statement "[i]f a pleading is so vague that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).  The Rule is designed to strike at unintelligibility, rather than want of detail.  Woods v. Reno Commodities, Inc., 600 F. Supp. 574, 580 (D. Nev. 1984).  It is not the function of pleadings in federal courts to provide all the details of the plaintiff's case.  Boxall v. Sequoia Union High Sch. Dist., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).  If a pleading meets the requirements of Rule 8 and fairly notifies the opposing party of the nature of the claim, a motion for more definite statement should not be granted.  Nelson v. Quimby Island Reclamation Dist., 491 F. Supp. 1364, 1384-85 (N.D. Cal. 1980).

Upon consideration of plaintiff's complaint, the undersigned finds that the pro se pleading is not impermissibly vague or ambiguous with regard to plaintiff's claims or his request for relief.  As set forth supra, plaintiff's pleading provides a short and plain statement of his claims.  Defendant Penner should be able to frame a responsive pleading to plaintiff's allegations of inadequate medical care.  The motion for more definite statement should be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. This court's April 7, 2006 order to show cause is discharged;

2. This court's May 4, 2006 findings and recommendations are vacated;

3. Defendant Turella is dismissed from this action pursuant to plaintiff's notice of voluntary dismissal;

IT IS RECOMMENDED that:

1. Defendant's January 17, 2006 motion to dismiss be denied; and

2. Defendant Penner be directed to file an answer within the time provided by Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 10, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
brow1086.mtd