IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE BROWN,

    Plaintiff,                                    No. CIV S-05-1086 MCE DAD P

    vs.

M. PENNER,

    Defendant.                         ORDER

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has two motions pending before the court.

**PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**

        On June 21, 2010, plaintiff filed a motion requesting the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances that are common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In this case, the undersigned does not find the required exceptional circumstances and will therefore deny plaintiff's motion for the appointment of counsel.

**PLAINTIFF'S MOTION FOR A CONTINUANCE OF THE TRIAL DATE**

On June 21, 2010, plaintiff also filed a motion requesting that trial in this case be delayed for 180 days.  In his motion, plaintiff explains that he needs additional time to prepare for trial and to issue subpoenas for his witnesses because he has been preoccupied with his criminal appeal.  In this regard, plaintiff states that he was summoned to court for an evidentiary hearing concerning his criminal conviction on April 28, 2009.  Plaintiff also contends that he was denied access to his legal materials between August 19, 2009 and September 19, 2009. (Mot. at 1-2.)

Since plaintiff's filing of his motion for a continuance, the United States District Judge assigned to this case has vacated the July 6, 2010 trial date.  (See Doc. No. 87.)  Trial in this case is now set to commence on September 20, 2010.  Accordingly, the undersigned will deny plaintiff's request as moot.

**OTHER MATTERS**

On June 2, 2010, the undersigned issued an order issuing a writ of habeas corpus ad testificandum for plaintiff to appear in court on July 6, 2010.  (Doc. No. 78)  Because the trial in this case has been continued to September 20, 2010, the undersigned will vacate that order.  The undersigned will issue another writ of habeas corpus ad testificandum for plaintiff to appear in court on September 20, 2010 in due time.

/////

/////

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's June 21, 2010 motion for the appointment of counsel (Doc. No. 84) is denied;

2. Plaintiff's June 21, 2010 motion for delaying trial (Doc. No. 83) is denied as moot; and

3. The court's June 2, 2010 order issuing a writ of habeas corpus ad testificandum (Doc. No. 78) is vacated.

DATED: June 30, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
brow1086.mots